COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Demerce P. Dennis v. SCIL Texas, Inc. d/b/a Speedy Cash

Appellate case number:     01-12-00936-CV

Trial court case number:   1016933

Trial court:                County Civil Court at Law No. 4 of Harris County

On September 26, 2012, appellant, Demerce P. Dennis, filed an affidavit of indigence in the trial court.  *See* TEX. R. APP. P. 20.1(a)(2)(A).  On October 12, 2012, the Clerk of this Court requested a clerk's record on indigence.  The clerk's record on indigence was filed on October 23, 2012.

According to the clerk's record, the county clerk timely contested the affidavit on September 27, 2012, and the trial court timely sustained the contest October 2, 2012.  *See id.* 20.1(e)(1), (i)(4).  The clerk's record also shows that appellant filed a "Motion for Appeal of Pauper's Affidavit" on October 9, 2012.  This motion was timely filed within 10 days after the trial court sustained the contest.  *See id.* 20.1(j)(2).  The motion, however, was filed in the trial court, not in this Court, and refers to Texas Rule of Civil Procedure 320, governing motions for new trials in the district and county courts.  *See id.* 20.1(j)(1) (stating that party may seek review of trial court's order "by filing a motion challenging the order *with the appellate court*" [emphasis added]); TEX. R. CIV. P. 320.  Accordingly, we construe this  motion as a motion for reconsideration of the trial court's order, and not as a motion requesting appellate review of the trial court's order sustaining the contest to the affidavit of indigence under Texas Rule of Appellate Procedure 20.1(j)(1).[1]

---

[1]        Under Rule 20.1(j)(4), a motion challenging a trial court's order sustaining a contest to an affidavit of indigence is granted by operation of law unless the appellate court denies the motion within 10 days after it is filed.  TEX. R. APP. P. 20.1(j)(4).  If a motion challenging the trial court's order were filed in the trial court, it would provide no notice to the appellate court of the need to consider and rule on the motion within 10 days of its filing in the trial court.  Consequently, even were appellant's motion construed as a Rule 20.1(j)(1) motion, it was not properly filed, and consideration of such an improperly filed motion, which comes to the appellate court's attention more than 10 days after its filing, would encourage appellants to improperly file their motions in an effort to have their

Because appellant has not established indigence, it is ORDERED that appellant pay one-half of the $175 filing fee to this Court no later than 10 days from the date of this order and the other one-half of the $175 filing fee to this Court no later than 30 days from the date of this order, or the appeal will be dismissed. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless indigent); 42.3 (allowing involuntary dismissal of case).

It is further ORDERED that, no later than 30 days from the date of this order, appellant file with this Court proof that he has paid or made arrangements to pay for the preparation of the clerk's required, or the appeal will be dismissed. *See* TEX. R. APP. P. 34.5(a), 35.3(a)(2), 37.3(b).

Finally, it is ORDERED that, no later than 30 days from the date of this order, appellant file with this Court proof that he has requested and paid or made arrangements to pay for preparation of the reporter's record, or the Court will consider and decide only those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 34.6(b)(1), 35.3(b)(2), (b)(3), (c), 37.3(c).

It is so ORDERED.


Judge's signature: /s/ Terry Jennings
             ☑ Acting individually    ☐ Acting for the Court


Date: February 8, 2013

---

motions be granted by operation of law. Finally, because the trial court's order was signed more than 10 days ago, no proper motion can now be filed. *See id.* 20.1(j)(2).